# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                                                  Case No. 12-CR-206

**TERRY V. ANDERSON**
    **Defendant.**

## DECISION AND ORDER

Defendant Terry Anderson moves for an order requiring the government to file a Rule 35(b) motion on his behalf. Because defendant cannot show that he had an enforceable agreement with the government to file such a motion, or that the government's refusal to file was based on an unconstitutional motive, I deny his request.

## I. BACKGROUND

On October 22, 2012, pursuant to an agreement with the government, defendant waived indictment and pleaded guilty to an information charging two counts of bank fraud. On May 14, 2013, I sentenced him to 45 months in prison, five years of supervised release, and $2,525,553.45 in restitution.

Defendant took no appeal, but on May 14, 2014, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. As grounds, he alleged:

> Newly discovered evidence that could have reasonably changed the outcome of the case.
> . . .
> One of the banks I am accused of defrauding, AnchorBank, is currently being investigated by the United States Attorney's Office for the Western District of Wisconsin for criminal lending practices.

> This evidence would have changed the outcome of my case had this information been known to me prior to my agreement.

(Case No. 14-C-580, R. 1 at 4.)

Because defendant failed to identify any constitutional or jurisdictional error or other fundamental defect in his plea or sentence, I denied the motion. Defendant did not claim that his plea was unknowing or involuntary, that his lawyer provided ineffective assistance in connection with the plea, or that he was innocent of the crimes to which he pleaded guilty. He appeared to claim that knowledge of the Anchor Bank investigation would have changed his decision to resolve the case, but I noted that even on direct appeal a plea cannot be undone just because the defendant subsequently learns that the government's case against him was weaker than he thought at the time he entered it. (Case No. 14-C-580, R. 2 at 2-3.)

In any event, defendant drew no connection between the newly discovered evidence of alleged criminal lending practices by Anchor Bank and his admitted fraud in procuring loans. (Id. at 3.) As he stipulated in the plea agreement, from 2005 through 2008, defendant applied for and obtained a series of loans from Anchor Bank and Horicon Bank. In order to obtain the loans, he represented that the proceeds would be used to purchase real estate and pay for the costs of construction for various projects; instead, he used the loan proceeds to pay expenses associated with other projects and otherwise diverted the funds from their intended purpose. (Plea Agreement [R. 2] at 5-6.)

I accordingly saw no basis for vacating his plea or sentence. I declined to issue a certificate of appealability (Case No. 14-C-580, R. 2 at 3-4), and defendant did not seek one from the Seventh Circuit.

## II. THE INSTANT MOTION

On December 17, 2015, defendant filed the instant motion, in which he claims that he entered into an agreement to provide assistance to the government in its investigation of Anchor Bank, in exchange for which the government agreed to file a Rule 35(b) motion on his behalf. Specifically, he indicates that he signed a proffer agreement on March 18, 2014; met with agents on March 29, 2014; was interviewed again on December 16, 2014, by prosecutors from the Western District of Wisconsin; and testified in front of a grand jury in Madison, Wisconsin on December 17, 2014. On February 25, 2015, an AUSA from the Western District sent defendant's lawyer an e-mail, indicating that he would do a Rule 35 motion for defendant, forwarding it to the AUSA assigned to defendant's case in this district, but that he was too busy to get to it at that time. (R. 22 Ex. 1.)

However, the U.S. Attorney's Office in this district later refused to file a Rule 35 motion because it believes defendant was not truthful in his statements to the grand jury. Defendant contends that he was truthful, that he has provided substantial assistance, and that the government's refusal to file the motion violates his agreement with the government. He further contends that the refusal is not rationally related to a legitimate governmental interest and is based on an unconstitutional motive. He argues that the testimony now claimed to be untruthful was submitted to the grand jury and used to support an indictment, and that the government's refusal to file a Rule 35 motion is instead based on the government's Brady violation in failing to disclose to defendant that Anchor Bank was under criminal investigation. He asks the court for an order enforcing the Rule 35 agreement, for production of his statements and grand jury testimony, and for production of all information regarding the criminal investigation of defendant and Anchor Bank.

3

### III. JURISDICTION

As an initial matter, I must characterize the nature of the instant motion. Courts are generally prohibited from revisiting sentences after they are imposed, see 18 U.S.C. § 3582(c)(2), and defendant provides no jurisdictional basis for this court to grant the relief he seeks. The court may reduce a sentence based on a defendant's post-sentencing substantial assistance, Fed. R. Crim. P. 35(b); see also 18 U.S.C. § 3582(c)(1)(B), but only on the government's motion, see United States v. Richardson, 558 F.3d 680, 681 (7th Cir. 2009). The court may review a prosecutor's refusal to file a Rule 35(b) motion and grant a remedy if it finds that the refusal was based on an unconstitutional motive or was not rationally related to any legitimate government end. Id. (citing Wade v. United States, 504 U.S. 181, 185-86 (1992)). The Seventh Circuit has held that in this situation the defendant should use 28 U.S.C. § 2255 as a procedural vehicle. Id.

Section 2255 allows a federal prisoner to challenge his sentence on the "ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The government's unconstitutional refusal to file a Rule 35 motion deprives a defendant of liberty without due process of law, which may be remedied under § 2255. See Richardson, 558 F.3d at 681.

As indicated, defendant has already litigated a § 2255 motion, and prisoners are generally allowed to file just one collateral attack. District courts lack jurisdiction to consider second or successive motions, which must be certified by the court of appeals. See 28 U.S.C. § 2255(h). However, the Seventh Circuit has held that a motion based on a claim that did not

4

become ripe any earlier than until after the adjudication of the petitioner's first motion is not second or successive within the meaning of § 2255(h). United States v. Obeid, 707 F.3d 898, 903 (7th Cir. 2013). Here, it appears that defendant did not learn of the government's refusal to file a Rule 35 motion until some time in 2015, after his first § 2255 motion had been denied. Accordingly, I have jurisdiction to consider the instant claim under § 2255.[2]

## IV. DISCUSSION

The government must fulfill any promise it makes in exchange for a defendant's guilty plea. Because plea agreements are contracts, their content and meaning are determined according to ordinary contract principles, and a defendant's rights under a plea agreement are limited by what the parties in fact agreed to. United States v. Artley, 489 F.3d 813, 824 (7th Cir. 2007). In the present case, the parties' plea agreement provided that defendant would cooperate with the government, and the government would advise the sentencing judge of the nature and extent of his cooperation. The agreement further stated that if defendant provided substantial assistance "the government, in its discretion, may recommend a downward departure" at sentencing. (R. 2 at 15.) Because the agreement specifically left the filing of a substantial assistance motion to the government's discretion and made no mention of a later Rule 35 motion, defendant has no contractual right to the enforcement he seeks. See United States v. Emerson, 349 F.3d 986, 988 (7th Cir. 2003).[3]

---

[2] Given the unusual posture of the case, I see no need to give warnings under Castro v. United States, 540 U.S. 375 (2003) before considering the instant motion under § 2255.

[3] Nor does defendant show that he entered into a binding agreement with the government in March 2014 requiring the filing of a Rule 35 motion. He does not provide a copy of the proffer agreement or otherwise explain how a contract requiring the government to file a Rule 35 motion was formed at that time. Finally, defendant makes no showing that the February 2015 e-mail from the Western District prosecutor constitutes an enforceable

5

In the absence of a plea agreement, the government has broad discretion to withhold a substantial assistance motion. United States v. Lezine, 166 F.3d 895, 900 (7th Cir. 1999). The court will uphold the government's discretion unless the refusal to file the motion was based on an unconstitutional motive, such as religious or racial grounds, or if the refusal was not rationally related to any legitimate government end. Emerson, 349 F.3d at 988. In "the absence of an unconstitutional motive, 'a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing.'" Lezine, 166 F.3d at 901 (quoting Wade, 504 U.S. at 186). Thus, defendant's contention that his testimony was truthful and that he did provide substantial assistance does not suffice.

Defendant claims that the refusal is not rationally related to a legitimate governmental interest and is based on an unconstitutional motive, but he does not elaborate, and "generalized allegations of improper motive" also do not suffice. Wade, 504 U.S. at 186. Defendant disagrees with the government's assessment of the truthfulness of his testimony, but there can be no doubt that such an assessment is rationally related to a legitimate prosecutorial end – the quality of the assistance. See United States v. Wilson, 390 F.3d 1003, 1010 (7th Cir. 2004). Aside from his reference to a Brady violation (discussed below), defendant does not contend that the truthfulness of his testimony was not the real reason for the government's decision. And as the Court noted in Wade, a defendant's mere disagreement

---

agreement. In his reply brief, defendant contends that denial of his motion would allow the government to enter into a binding agreement, have the other party fulfill his part, and then unilaterally cancel the agreement. However, defendant does not identify the "binding agreement" to which he refers; if he means the plea agreement, as discussed in the text that document gave the government unilateral authority to file a motion in its discretion.

6

with the government's assessment of the assistance he tried to provide will not entitle him to discovery or a hearing. There is accordingly no basis for requiring disclosure of the documents defendant seeks.[4]

Finally, in the original motion, defendant contends without elaboration that he believes the refusal to file a Rule 35 motion is based on the government's Brady violation in failing to disclose to him that Anchor Bank was under criminal investigation. In his reply brief, defendant asserts that production of the documents he seeks would provide the missing proof, i.e., that Anchor Bank was involved in a scheme to defraud. He contends that the government was required to disclose the existence of this fraud scheme to him under Brady v. Maryland; that such information would affect both the original sentence and the previous motion filed under § 2255 (in which he sought relief based on Anchor Bank's practices); and that production of this material would show that, but for the prosecutor's failure to disclose, his case would have turned out differently. He concludes that the only logical motive for the government's refusal to produce the documents is to cover up the Brady violation, and that allowing the government to cover up an unlawful act cannot be rationally related to a legitimate government purpose.

As with his previous § 2255 motion, defendant fails to explain how the fact that Anchor Bank was under investigation relates to his own admitted fraud regarding Anchor Bank and Horicon Bank. Nor does he even attempt to establish a Brady violation, which requires a

---

[4]For completeness, I note the government's response that the Western District prosecutor sent the e-mail upon which defendant relies before reviewing defendant's prior statements concerning the subjects of the investigation. After these earlier statements were provided, the prosecutor concluded that they conflicted with the information defendant provided in the Western District investigation and thus withdrew his request to have the Eastern District prosecutor file a Rule 35 motion on defendant's behalf. The prosecutor further indicated that no indictment had been issued based on defendant's testimony or information. Defendant provides no basis for disbelieving this explanation.

7

showing that: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defense; and (3) the evidence was material to an issue at trial. United States v. Lawson, 810 F.3d 1032, 1042 (7th Cir. 2016). He must offer more than mere speculation or unsupported assertions that the government suppressed evidence, United States v. Shields, 789 F.3d 733, 747 (7th Cir.), cert. denied, 136 S. Ct. 420 (2015), which he has not done.[5]

## V. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 22) is **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 movant. In order to obtain a COA, the movant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires a demonstration that reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Narvaez v. United States, 674 F.3d 621, 626 (7th Cir. 2011). For the reasons stated above, defendant cannot make such a showing, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin, this 27th day of April, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[5] Because defendant fails to establish a violation, it is unnecessary to consider whether Brady even applies where, as here, the defendant waives indictment and pleads guilty, foregoing indictment and trial. See United States v. Conroy, 567 F.3d 174, 178-79 (5th Cir. 2009).